UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELVIN LEE KWIEESTALUB JONES,<br><br>Plaintiff,<br><br>v.<br><br>EVERETT TRANSIT, et. al.,<br><br>Defendants. | CASE NO. C18-871 RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Melvin L. K. Jones, a Western State Hospital detainee, makes claims against Everett Transit under 42 U.S.C. §1983. Dkt. 6. Plaintiff alleges defendant obtained a "life time restraining order" even though plaintiff did nothing wrong. He alleges the transit center's witnesses got the restraining order by "perjuring themselves," the police know this, and the Court should clear his "good name," dismiss and expunge the restraining order, and award money damages. *Id.* Because the allegation of police involvement and the request for dismissal and expungement indicate the claims regard a state criminal matter, the Court ordered plaintiff to explain why the Court should not dismiss the case as barred under *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994) or under *Younger v. Harris*, 401 U.S. 37, 45, 46 (1971). Dkt. 7. Plaintiff was advised his explanation was due by July 20, 2018, and that if a sufficient explanation was not filed by then, the Court would recommend the case be dismissed. *Id.*

REPORT AND RECOMMENDATION - 1

Plaintiff has not responded to the show cause order and the Court accordingly recommends the case be dismissed without prejudice.

## DISCUSSION

Plaintiff does not clearly indicate if he challenges a pending criminal charge or a criminal conviction. That is, it is unclear whether he is claiming the statements he gave the police, or the testimony the defendants gave in Court that resulted in a restraining order, relate to a pending criminal charge or a criminal conviction.

If plaintiff challenges a pending criminal matter he is barred. The court will not interfere in a pending state criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, at 46. Under *Younger* a district court must dismiss a federal action if state proceedings are (1) ongoing, (2) implicate important state interests, and (3) afford the plaintiff an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001) (citation omitted). The criminal prosecution of a "restraining" order implicates important state interests. There is no reason plaintiff cannot raise, in state court, the claims he raises here―that the witnesses against him are not telling the truth and the police know about this. Accordingly, as this federal action would unduly interfere with any ongoing state criminal proceeding regarding the restraining order, it should be dismissed.

If plaintiff challenges a criminal conviction arising from or resulting in the restraining order, he cannot. Under *Heck v. Humphry*, if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed. *Heck* at 489-87.

**CONCLUSION**

For the foregoing reasons, the Court recommends the complaint be **DISMISSED** without prejudice. Plaintiff was given leave to explain why the case is not barred under *Heck* or *Younger* and has failed to respond, though he was advised that his failure would result in the court recommending dismissal. Plaintiff is advised he may file objections to this Report and Recommendation, and that his objections are due no later than **August 10**, **2018**. The Clerk should note the matter for **August 10, 2018**, as ready for the District Judge's consideration. Objections shall not exceed eight (8) pages. The failure to timely object may affect the right to appeal. The Clerk shall also provide a copy of this Report and Recommendation to plaintiff.

DATED this 27th day of July, 2018.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge